880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alfred A. ROBERTS, Plaintiff-Appellant,
v.
DORMUND CORPORATION; Industrial Commission of Ohio;
Commissioners of Mahoning County; the City of Youngstown;
Mayor of Youngstown; United States of America; John and
Jane Does, Defendants-Appellees.
 No. 89-3074.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1989.
 
 1
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge.*
 
 ORDER
 
 2
 Alfred A. Roberts appeals pro se the district court's order dismissing his civil rights action for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In a complaint filed under 42 U.S.C. Sec. 1983, Roberts named a private corporation, the mayor of Youngstown, Ohio, the Industrial Commission of Ohio, Mahoning County Commissioners, and the United States of America as defendants. Roberts alleged generally that he was entitled to relief and asked the district court to appoint counsel for defendants, to attend a good faith meeting with the parties, to settle the case, to issue all necessary orders, and to increase his worker compensation benefits.
 
 
 4
 The district court determined that the complaint was deficient because it contained no statement showing Roberts was entitled to relief. Roberts was advised to file an amended complaint or risk dismissal for failure to state a claim. Defendants filed a motion to dismiss under Fed.R.Civ.P. 12 for failure to state a claim and lack of jurisdiction. Roberts amended his complaint, but the district court ruled that the amended complaint did not cure the deficiencies of the original.
 
 
 5
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that Roberts can prove no set of facts which would entitle him to relief. On review of an action dismissed under Rule 12(b)(6), the pro se complaint must be liberally construed and the allegations taken as true. See Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir.1976). However, the court need not accept as true legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 6
 Dismissal under Fed.R.Civ.P. 12(b)(6) was proper because Roberts did not allege any facts which would give rise to a claim under 42 U.S.C. Sec. 1983. To state a claim, Roberts must allege that he was deprived of a protected right, privilege or immunity and that the deprivation resulted from defendants' conduct while acting under color of state law. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). Roberts alleged that he was entitled to relief and made vague and conclusory references to defendants' failures to fulfill their statutory duties. Because Roberts's conclusory allegations were unsupported by specific facts, dismissal for failure to state a claim was proper. See Morgan, 829 F.2d at 12.
 
 
 7
 Moreover, dismissal on the court's own motion was proper. Prior to a sua sponte dismissal for reasons other than frivolity under 28 U.S.C. Sec. 1915(d), the district court must (1) allow service of the complaint, (2) inform the parties of its intentions, (3) permit the parties, especially Roberts, an opportunity to file an appropriate response, and (4) set forth specific reasons for the dismissal. Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). Review of the record shows that these requirements were met.
 
 
 8
 Accordingly, the district court's order of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation