895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter P. WILLIAMS, Jr., Plaintiff-Appellant,
v.
VERMONT AMERICAN CORPORATION--MAGNA DIVISION, Defendant-Appellee.
 No. 89-5631.
 United States Court of Appeals, Sixth Circuit.
 Feb. 9, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Walter P. Williams Jr. appeals pro se the summary judgment for defendant in this employment discrimination action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Williams sued his former employer, alleging that he had been denied advancement, unjustly reprimanded, and ultimately terminated from his employment, all on the basis of his race. Defendant moved for summary judgment, supported by affidavits and documentary evidence which showed that Williams had been denied advancement due to his frequent tardiness and inability to meet production quotas, that his reprimands were the result of disobeying work rules, and that his termination was based on a report of an assault on a supervisor.
 
 
 3
 Upon consideration, we conclude that the district court properly entered summary judgment for defendant, as there is an absence of evidence to support plaintiff's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Even if it is assumed that a prima facie case of race discrimination was stated, once the defendant gave legitimate, nondiscriminatory reasons for its actions, Williams was required to persuade the court by a preponderance of the evidence that the reasons stated were a pretext for racial discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Williams offered no evidence in support of his subjective conclusion that defendant's acts were based on race discrimination. The court need not accept as true unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.