928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fingal E. JOHNSON, Plaintiff-Appellant,
v.
"John Doe" KEESLER, Officer, Robert Atherton, Unit Manager,
Robert Brown, Jr., Correction Director,
Defendants-Appellees.
 No. 90-2164.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 W.D.Mich., No. 87-00442; Eusleu, J.
 
 
 1
 W.D.Mich.
 
 
 2
 AFFIRMED.
 
 
 3
 Before MILBURN and BOGGS, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 4
 Fingal E. Johnson, a pro se Michigan prisoner, appeals the district court's summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking declaratory, injunctive, and monetary relief, Johnson sued the director of the Michigan Department of Corrections (MDOC) and two MDOC officers in their individual and official capacities. He alleged that his constitutional rights to due process and access to the courts were violated when defendant Keesler removed twelve oranges and three pounds of coffee from his cell in retaliation for Johnson's complaints and grievances against Keesler. He alleged that Keesler then distributed the items to other prisoners and wrote Johnson a minor misconduct ticket for possession of non-dangerous contraband. Johnson further alleged that defendant Atherton, conspiring with Keesler to violate Johnson's rights, held a disciplinary hearing in Johnson's absence and entered a guilty plea for him. Johnson claimed that when he learned of this action, Atherton refused to provide him with an appeal form. Finally, Johnson alleged that defendant Brown knew or should have known of the unconstitutional actions of the other two defendants and did nothing to discipline them.
 
 
 6
 On June 6, 1990, the magistrate issued a report and recommendation recommending that the defendants' motion for summary judgment be granted. He found that the claim against Brown appeared to be based upon the doctrine of respondeat superior and so failed to state a claim under Sec. 1983. He then stated that the sole federal claim against Keesler is one of deprivation of property without due process of law. Since an adequate post-deprivation remedy exists under state law but was not utilized by Johnson, there was no due process violation. Finally, he found that the evidence indicated that Atherton did hold a hearing, and that Johnson alleged no overt acts reasonably related to the promotion of the claimed conspiracy between Atherton and Keesler.
 
 
 7
 Johnson filed timely objections which stated, among other matters, that the magistrate failed to address his first amendment claim. The district court, however, adopted the magistrate's report and recommendation in an opinion filed on September 21, 1990. The court noted that Johnson had failed to show how the defendants deprived him of access to the courts and further concluded that Johnson failed to point out a genuine issue of fact remaining for trial.
 
 
 8
 On appeal, Johnson continues to argue the merits of his claims. He requests the appointment of counsel in his brief.
 
 
 9
 We affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 10
 The district court correctly concluded that Johnson's claim against Brown is insufficient to state a cause of action under Sec. 1983. Johnson has alleged no personal involvement by Brown in the claimed violations of his constitutional rights. Because his allegations regarding Brown are premised upon mere conclusions and opinions, they need not be accepted as true and fail to state an adequate claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 11
 Summary judgment was also properly granted to the defendants in Johnson's due process claim because he has failed to allege that available state remedies are inadequate to redress the alleged wrong. See Parratt v. Taylor, 451 U.S. 527 (1981). It is noted that under this analysis, the issue of fact that Johnson identified in his objections (whether or not he was actually present during the minor misconduct hearing) is not material and so does not defeat a motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 12
 Johnson's claim that the alleged retaliatory nature of the seizure of his property violated his right of access to the courts is also meritless because Johnson has shown no prejudice to his ability to pursue this or any other claim as a result of the defendants' actions. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Further, he has not presented evidence of any past actions, complaints, or grievances filed against Keesler which would tend to support his allegation of retaliation. The conclusory allegations in his complaint are by themselves insufficient to create a genuine issue of material fact regarding this issue in light of Keesler's affidavit denying any retaliatory motive.
 
 
 13
 Finally, Johnson's allegation of conspiracy between Keesler and Atherton is insufficient to state a claim because this claim is, like the claim against Brown, premised upon mere conclusions and opinions.
 
 
 14
 Accordingly, the request for counsel is denied and the district court's order, filed on September 21, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. Distrit Judge for the Eastern District of Michigan, sitting by designation