946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George Paul WOLF III, Petitioner-Appellant,
v.
FEDERAL BUREAU OF PRISONS, Michael Quinlan, Director, Gil
Ingram, Regional Director, Bill Story, Warden;
DOES, Respondents-Appellees.
 No. 91-5398.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 1
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 George Paul Wolf III, a former federal prisoner who is proceeding pro se, appeals the district court's order and judgment dismissing his "omnibus motion" for relief filed, in part, under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Wolf sued the Federal Bureau of Prisons, the Bureau's director and regional director, the warden of the Federal Correctional Institution at Ashland (FCI-Ashland), and an unspecified number of "Does." Wolf alleged that his scheduled parole release date was rescinded through the use of false and misleading prison incident reports and that, as a result, his release from prison was wrongly delayed by at least 12 months. He further alleged that FCI-Ashland is a testing site for NASA and various federal intelligence agencies which have installed an extraordinarily sophisticated and comprehensive system of hidden cameras and microphones which impermissibly invades the inmates' privacy but which allegedly recorded all of the challenged incidents. Wolf consequently sought an on-site inspection of the hidden eavesdropping apparatus, an order compelling the defendants to release the alleged videotapes of the incidents under the Freedom of Information Act (FOIA), a ruling allowing access to the prison videotapes by the press and public, and compensatory and punitive damages under 28 U.S.C. § 1984.
 
 
 4
 A magistrate judge issued a report on January 25, 1991 in which she recommended that Wolf's petition for habeas corpus be denied because of failure to exhaust administrative remedies. She further found that Wolf had never requested the videotapes under the FOIA, that he had no standing to seek press access to the alleged videotapes, and that the court had no jurisdiction to grant compensatory or punitive damages under 28 U.S.C. § 1984. Finally, the magistrate judge found Wolf's factual scenario and allegations concerning the pervasive high-tech eavesdropping to be "both fantastic and clearly delusional" and recommended that the action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 5
 The district court overruled Wolf's timely objections and adopted the magistrate judge's report and recommendation. The court dismissed the habeas corpus petition without prejudice to Wolf's right to repetition after exhausting his administrative remedies and ordered prison officials and the U.S. Parole Commission to respond to Wolf's attempts to appeal their adverse decisions. The remainder of Wolf's action was dismissed with prejudice.
 
 
 6
 On appeal, Wolf argues that the district court improperly dismissed his action sua sponte. He informs this court in his brief that he was released on parole on January 22, 1990.
 
 
 7
 Upon review, we affirm the district court's order and judgment because Wolf has no inherent constitutional right to parole and because his remaining claims are frivolous within the meaning of 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 8
 In his appellate brief, Wolf argues that his pro se allegations must be accepted as true. That is not the case. A claim may not be premised upon mere conclusions and opinions. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Wolf's factual scenario is built around bits and pieces of scientific and technological articles he has read in various publications. However, he has presented not a shred of evidence to support his conclusion that FCI-Ashland has been effectively taken over by federal intelligence agents intent on recording his every word and move.
 
 
 9
 Accordingly, the district court's order and judgment, entered March 5, 1991, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation