Carolyn MORGAN, Plaintiff-Appellant,

v.

CHURCH'S FRIED CHICKEN, Defendant-Appellee.

No. 86–1954.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 7, 1987.
Decided Sept. 22, 1987.

Gregory M. Janks (argued), Detroit, Mich., for plaintiff-appellant.

Thomas L. Auth, Jr. (argued), Tyler & Thayer, P.C., Detroit, Mich., for defendant-appellee.

Before KENNEDY, MILBURN and NORRIS, Circuit Judges.

MILBURN, Circuit Judge.

Plaintiff-appellant Carolyn Morgan appeals from the district court's entry of judgment on the pleadings in favor of defendant-appellee Church's Fried Chicken, Inc. in this diversity action alleging that plaintiff was shot by an intruder and rendered permanently disabled as the result of defendant's failure to maintain adequate security for its employees. The principal issue presented is whether plaintiff's action is barred by the exclusive remedy provision of the Michigan Workers' Disability Compensation Act ("the Act"), Mich.Comp.Laws Ann. § 418.131, which precludes an employee's action against his employer where the employee's injury resulted from the employer's negligent rather than intentional misconduct. Because we agree with the district court that plaintiff's claim does not constitute an intentional tort, we affirm.

### I.

Plaintiff alleged in her complaint[1] that "while in the course of her employment on the premises of Church's, [she] was caused to be permanently, painfully and severely injured when she was shot by an intruder." Further, plaintiff alleged that her "injuries resulted, in whole or in part, from [d]efendant's deliberate act in not erecting a bullet proof shield for its employees [and] from [d]efendant's deliberate act in not posting a security guard on its premises to protect its employees." Finally, plaintiff alleged that defendant's actions were intentional because defendant "had knowledge of the unsafe conditions of its premises and the potential risk of injury or harm to [p]laintiff ... since the restaurant where [p]laintiff was employed had been robbed approximately six (6) times before in the same fashion."

After filing its answer, defendant filed a motion "for a judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state

a claim upon which relief may be granted." Defendant urged that plaintiff's action was precluded by the Act because the facts alleged constituted, at most, gross negligence. The district court held that plaintiff's action was barred by the Act, reasoning that "[t]here is no allegation, sufficient allegation as a matter of law, of intentional infliction of emotional distress, and no other intentional tort can be derived from the pleadings."

### II.

#### A. Standard of Review

Plaintiff argues that the district court erred by granting defendant's motion for judgment on the pleadings because her complaint contained sufficient allegations of intentional misconduct to avoid the exclusive remedy provision of the Act. While defendant styled its motion as one for a judgment on the pleadings, defendant asked for relief "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted." Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised after an answer has been filed by motion for judgment on the pleadings pursuant to Rule 12(c). Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, we must apply the standard for a Rule 12(b)(6) motion in reviewing the district court's decision. *See Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 182 (7th Cir.1986); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 778 n. 3 (2d Cir.1984); *Maggette v. Dalsheim*, 709 F.2d 800, 801 (2d Cir.1983); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir.1977); *see generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1367, at 688–89 (1969).

---

1. Plaintiff's complaint was initially filed in a Michigan state court. Defendant, however,

filed in the district court a petition for removal based upon diversity of citizenship.

Under Rule 12(b)(6),[2] a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)); *see also Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975). The complaint must be construed in the light most favorable to plaintiff, and its well-pleaded facts must be accepted as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). However, we need not accept as true legal conclusions or unwarranted factual inferences. *See Westlake*, 537 F.2d at 858; *Davis H. Elliot*, 513 F.2d at 1182; *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971).

B. *Exclusive Remedy*

The Act's exclusive remedy provision "does not bar an employee's intentional tort action against the employer." *Beauchamp v. Dow Chemical Co.*, 427 Mich. 1, 11, 398 N.W.2d 882, 886 (1986). "An intentional tort 'is not ... limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to produce the result.'" *Beauchamp*, 427 Mich. at 21–22, 398 N.W.2d at 891–92 (quoting *Bazley v. Tortorich*, 397 So.2d 475, 482 (La.1981)). However, "[a] mere knowledge and appreciation of the risk involved in an act is not the same as the intent to cause an injury." *Boyer v. Louisville Ladder Co.*, 157 Mich.App. 716, 403 N.W.2d 210, 211 (1987). "The defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton but it is not an intentional wrong." W Keeton & W. Prosser, *The Law of Torts* § 8, at 36 (5th ed. 1984) (footnote omitted).

■ While the line between intent and negligence is difficult to draw in the present case, we conclude that plaintiff's claim amounts to, at most, gross negligence. The allegation that plaintiff's place of employment had been robbed on six previous occasions might be sufficient to support a finding that plaintiff's injury was likely to occur absent additional safety precautions, but this allegation is simply not sufficient to support a finding that plaintiff's injury was certain or substantially certain to occur. Plaintiff's claim that she was injured as the result of her employer's "failure to provide safe working conditions is essentially a claim that [she] was injured by the employer's negligence." *Boyer*, 157 Mich.App. at 719, 403 N.W.2d at 211.

### III.

Accordingly, the judgment of the district court is AFFIRMED.

---

2. We must deny plaintiff's request to supplement the record to include a newspaper article and police report that were not filed in the district court and strike plaintiff's references to these materials because a Rule 12(b)(6) motion is addressed to the face of the pleading. *See Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972) (per curiam).

We must also deny defendant's request that plaintiff's references to these materials be sanctioned under Rule 11 since Rule 11 is not applicable in this court. *See International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, Local 283 v. Scofield*, 382 U.S. 205, 216 n. 10, 86 S.Ct. 373, 381 n. 10, 15 L.Ed.2d 272 (1965).