849 F.2d 1472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Damon FANCHER, Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden; Joe Rion, Lieutenant; Nancy D.
Yeast, Corrections Officer; Muriel Ohl (CTO),
Defendants-Appellees.
 No. 87-5073.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1988.
 
 Before MILBURN, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Kentucky state prisoner appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 claim as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 3
 The plaintiff sued the warden and three members of the Institutional Adjustment Committee at the Northpoint Training Center, where the plaintiff is incarcerated, seeking declaratory and injunctive relief and monetary damages. Plaintiff alleged that he had been found guilty of a disciplinary charge when no evidence supported this finding, and that he had been denied the right to call all the witnesses he requested. The district court dismissed the complaint because the plaintiff had failed to show that state remedies are inadequate, citing Parratt v. Taylor, 451 U.S. 527 (1981).
 
 
 4
 Upon review, we conclude that the order of dismissal should be affirmed for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). Because the discipline in this case was imposed pursuant to established state procedure, rather than as a result of a random and unauthorized act, plaintiff was not required to plead the inadequacy of state remedies in order to state a claim. See Franklin v. Aycock, 795 F.2d 1253 (6th Cir.1986).
 
 
 5
 However, consideration of the merits of the instant complaint reveals that it was properly dismissed as frivolous as the plaintiff could prove no set of facts which would entitle him to relief. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). The record contains some evidence supporting the finding of guilt by the prison disciplinary board. Hill v. Superintendent, Mass. Corr. Inst. at Walpole, 472 U.S. 445 (1985). Furthermore, a disciplinary committee is vested with some discretion to refuse to call requested witnesses in order to restrict the inquiry to reasonable bounds. Ponte v. Real, 471 U.S. 491, 495-99 (1985). The record shows no abuse of discretion in this regard.
 
 
 6
 Accordingly, the order of the district court dismissing this claim as frivolous is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.