865 F.2d 258
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KONDRAT, Plaintiff-Appellant,
v.
H.F. INDERLIED, Jr., Geauga Court of Common Pleas, Defendant-Appellee.
 No. 88-3458.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 N.D.Ohio
 AFFIRMED.
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Mr. Kondrat, proceeding pro se, seeks review of the district court's judgment in his suit filed under 42 U.S.C. Sec. 1983. Kondrat sued an Ohio Common Pleas Court judge, alleging that his civil rights were violated when the defendant set several cases in which plaintiff was a party for hearing. He charged that the defendant should have first screened the cases and ascertained that they were "fraudulent." He sought injunctive relief. The district court granted defendant's motion to dismiss for failure to state a claim, based on the doctrine of judicial immunity.
 
 
 3
 Upon consideration, we affirm the dismissal of this case for reasons other than that relied on by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985). Judicial immunity is not a bar to suits seeking injunctive relief. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). Nevertheless, plaintiff failed to state a claim under 42 U.S.C. Sec. 1983, as he did not allege facts which show that he was deprived of a right secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). In addition, the court need not accept as true legal conclusions or unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.