872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas HOWARD, et al., Plaintiffs-Appellants,
v.
ENOXY COAL, INC., Defendant-Appellee.
 No. 88-5969.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1989.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and JEROME TURNER, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiffs appeal the order of the district court dismissing their action brought under Sec. 301 of the Labor Management Relations Act, 29 U.S.C.A. Sec. 185 (1978), for failure to state a claim. Because plaintiffs failed to exhaust contractually mandated grievance procedures, we affirm.
 
 I.
 
 2
 Because this action comes before us on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), all of the facts alleged in plaintiffs' complaint must be accepted as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Plaintiffs' complaint alleged that prior to July 15, 1986, they were employees of Energy Coal Income Partnership 1981-I ("Energy Coal"). Plaintiffs were members of the United Mine Workers of America, Local 1827, and their relationship with Energy Coal was governed by the Bituminous Coal Operators Wage Agreement of 1984 ("Wage Agreement"). Plaintiffs further alleged that Energy Coal was an administrative segment of the defendant herein, Enoxy Coal, Inc. ("Enoxy"). The gravamen of plaintiffs' complaint is that Enoxy violated the Wage Agreement "by virtue of the fact that it licensed out coal lands where the purpose of that licensing was to avoid the application of the wage agreement." Plaintiffs further alleged that they exhausted the grievance procedure mandated by the Wage Agreement by attempting to deliver a grievance form to Enoxy on June 17, 1987. This attempt failed because Enoxy refused to accept the grievance form.
 
 
 3
 Defendant subsequently filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendant advanced three reasons in support of its motion for dismissal. First, defendant argued that plaintiffs' Sec. 301 claim must be rejected because plaintiffs failed to exhaust a contractually mandated grievance procedure. Defendants pointed to article XXIII, section (d) of the Wage Agreement which provides:
 
 
 4
 Any grievance which is not filed by the aggrieved party within ten (10) working days of the time when the Employee reasonably should have known it, shall be denied as untimely and not processed further.
 
 
 5
 Defendant argued that because plaintiffs did not attempt to comply with the grievance procedure until June 17, 1987, over eleven months after their layoff on July 15, 1986, they failed to exhaust the grievance procedure and their complaint must therefore be dismissed. Second, defendant argued that because it was not a signatory to the Wage Agreement, plaintiffs could not maintain Sec. 301 action against defendant. Finally, defendant argued that plaintiffs' Sec. 301 action must be dismissed for failure to comply with the applicable statute of limitations.
 
 
 6
 The case was referred to the magistrate, and he subsequently issued a report and recommendation concluding that defendant's motion should be granted. The magistrate accepted defendant's argument that plaintiffs had failed to exhaust the contractual grievance procedures because "[t]he complaint discloses that plaintiffs were aware of Enoxy's alleged breach of the 1984 NBCWA as early as July 1986 when they were laid off by Energy; however, plaintiffs did not attempt to file a grievance until June 17, 1987, approximately eleven months later." The magistrate therefore concluded that plaintiffs had failed to comply with article XXIII, section (d) of the Wage Agreement. Plaintiffs filed timely objections to the magistrate's report and recommendation, and the district court thereafter issued an opinion affirming and adopting the magistrate's conclusion. Plaintiffs now appeal.
 
 II.
 
 7
 It is now well-settled that "federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965) (emphasis in original). However, "[f]ailure to exhaust internal procedures is excused when an employer's conduct amounts to a repudiation of the contractual procedures or when a union wrongfully refuses to process the grievance." Anderson v. Ideal Basic Industries, 804 F.2d 950, 952 (6th Cir.1986). In this case, defendant argues that plaintiffs' failure to comply with the ten-day limitation period set forth in article XXIII, section (d) of the Wage Agreement constitutes a failure to exhaust the grievance procedures. Plaintiffs do not dispute the facts underlying defendant's argument, but instead argue that defendant has repudiated the Wage Agreement by entering into a series of sham transactions to avoid it. Plaintiffs cite the Supreme Court's decision in Vaca v. Sipes, 386 U.S. 171, 185 (1967), which observed that "[a]n obvious situation in which the employee should not be limited to the exclusive remedial procedures established by the contract occurs when the conduct of the employer amounts to a repudiation of those contractual procedures." As the quoted language makes clear, plaintiffs must show that the employer repudiated the grievance procedures in order to be excused from exhausting them. In this case, neither plaintiffs' employer, Energy Coal, nor defendant, Enoxy, had an opportunity to repudiate the grievance procedures because plaintiffs did not timely comply with them. As this court stated in Anderson, "[i]t is spurious ... for the members to claim that [defendant's] conduct amounted to a repudiation of the grievance procedures. The members' inaction precludes a finding of repudiation by [defendant]." 804 F.2d at 952. We hold that the district court was correct in granting defendant's motion to dismiss on the ground that plaintiffs failed to comply with the grievance procedure set forth in the collective bargaining agreement.
 
 
 8
 Given this holding, we need not address defendant's arguments that the action should be dismissed because defendant did not sign the Wage Agreement and because plaintiffs failed to comply with the applicable statute of limitations. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Jerome Turner, United States District Judge for the Western District of Tennessee, sitting by designation