884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lavern HOWARD, Plaintiff-Appellant,
v.
Philip J. HEFFRON, Sheriff of Kent County Correctional
Facility, Defendant-Appellee.
 No. 89-1195.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1989.
 
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Lavern Howard, a Michigan state prisoner, appeals pro se the summary judgment in favor of defendant in his civil rights suit filed under 42 U.S.C. Sec. 1983. Seeking injunctive relief, Howard sued the sheriff of Kent County, alleging that he was being denied access to legal materials, that prison rules denied due process, and that inadequate exercise was provided. The district court granted defendant's motion for summary judgment, finding that Howard had not stated a constitutional claim, the defendant could not be held liable, and the case had been rendered moot by Howard's transfer to a different institution.
 
 
 3
 Upon consideration, we conclude that the district court's judgment should be affirmed for the reasons stated by it. Howard did not state a claim of denial of access to the courts, as no prejudice to a pending lawsuit was shown. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The remaining claims were based on legal conclusions and factual inferences which the court need not accept. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Moreover, Howard did not allege any personal involvement by the defendant which would support a finding of liability. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Finally, Howard's transfer rendered his case moot. See McKinnon v. Talladega County, Alabama, 745 F.2d 1360, 1363 (11th Cir.1984).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.