924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert C. SHERRILL, Plaintiff-Appellant,
v.
NEEB, Officer, Wood, Officer, Grinage, Inspector, Michigan
Department of Corrections, Rockafellow, Officer, Renucci,
Officer, and other unidentified personnel from the Michigan
Department of Corrections, Defendants-Appellees.
 No. 90-1319.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1991.
 
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert C. Sherrill appeals from the district court's judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The defendants include five Michigan prison officials and the Michigan Department of Corrections. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Sherrill alleged that on September 3, 1985, while being prepared for transfer from the Riverside Correctional Facility to the State Prison for Southern Michigan, he was beaten by defendants Wood, and Neeb, Renucci and Rockafellow, while being restrained with handcuffs and belly chains. He also alleged that defendant Grinage witnessed the beating but took no action to stop the attack. Sherrill complained that, by these actions, he was deprived of his eighth amendment right to be free from unnecessary and wanton infliction of pain. The parties stipulated that the case be tried by a magistrate, who, after a bench trial, ordered entry of judgment for the defendants.
 
 
 3
 On appeal, Sherrill argues that: 1) he was entitled to a more precise and detailed explanation by the magistrate in his order; 2) the defendants' rendition of the incident was false; 3) Sherrill's legal assistance during the bench trial was not adequate; and 4) the officials who testified at trial (the defendants) perjured themselves because of threats from the state department of corrections. Sherrill also requests appointment of counsel, on appeal.
 
 
 4
 This court concludes that the district court properly entered judgment for the defendants, for the reasons stated by the magistrate in his memorandum opinion dated January 31, 1990. Upon review of the evidence, the magistrate's findings of fact are not clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1984)). The magistrate's report concluded that the actions taken by the defendants were a result of Sherrill's initial assault on defendant Wood while the official was changing the plaintiff's leg restraints in preparation for his transport. The officials used reasonable force and good faith to maintain security and discipline at the time, taking into account the nature of the setting in which the conduct occurred. Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033 (1973)); Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir.1986).
 
 
 5
 Sherrill's arguments in regard to ineffective legal assistance, and perjury by the defendants, are merely conclusory allegations, which fail to support his civil rights claim. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 6
 Accordingly, the appellant's request for counsel is denied, and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.