940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Pamela WITHROW, Warden, Robert Brown, Jr., Director, James
J. Blanchard, Governor, Defendants-Appellees.
 No. 91-1115.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1991.
 
 Before MERRITT, Chief Judge, KEITH, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint alleging that the Director of the Michigan Department of Corrections, the Warden of the Michigan Reformatory, and former Governor of Michigan, James J. Blanchard, violated his eighth amendment right to be free from cruel and unusual punishment. Plaintiff alleged that, while incarcerated in the G-Unit at the Michigan Reformatory, the defendants exposed him to inhumane conditions. He further complained of inadequate bedding, vermin infestation, inadequate food, showers, recreation and telephone access. Plaintiff requested declaratory and monetary relief and sued the defendants in their official capacities. A magistrate issued a report recommending that the defendants' motion to dismiss be granted because plaintiff's allegations were wholly conclusory and failed to specify any incidents showing a constitutional deprivation. Despite plaintiff's timely objections, the district court issued an opinion and judgment adopting the report and recommendation and dismissing plaintiff's complaint.
 
 
 3
 Upon review, we conclude that dismissal was proper because it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990); Dana Corp. v. Blue Cross & Blue Shield Mutual, 900 F.2d 882, 885 (6th Cir.1990). On review, plaintiff's allegations must be taken as true and construed in the light most favorable to him. Meador, 902 F.2d at 475. However, the court need not consider vague or conclusory allegations. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). In the instant case, plaintiff's allegations are wholly conclusory and fail to specify any incidents which show an "unnecessary and wanton infliction of pain" sufficient to state an eighth amendment claim for relief under 42 U.S.C. Sec. 1983. Ingraham v. Wright, 430 U.S. 651, 670 (1977).
 
 
 4
 Additionally, the complaint was properly dismissed insofar as plaintiff sought damages against the defendants in their official capacities. State officials sued in their official capacities for money damages are not persons subject to suit under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.