944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony J. MARGIOTTA, Plaintiff-Appellant,
v.
Joseph F. KOSIK, Sr., Robert L. Bunting, William P. Hampton,
David F. Breck, Joseph F. Kosik, Jr., Georgianna
Chase, Betty E. Raupp, Attorney
Grievance Commission,
Defendants-Appellees.
 No. 91-1218.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 1
 Before RALPH B. GUY, Jr., Circuit Judge, JOHN W. PECK, Senior Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Anthony J. Margiotta, a pro se Michigan litigant, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. §§ 1982 and 1983 and 18 U.S.C. §§ 241 and 242. Additionally, a motion to dismiss the appeal as to defendant Chase has been filed. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Margiotta's dispute initially arose from a series of real estate transactions involving the purchase of properties in Southeastern Michigan. Dissatisfied with the events that transpired, Margiotta filed suit in the Oakland County Circuit Court. Defendants in the state circuit court action were Joseph Kosik, Sr., and J.F.K. Company. These defendants filed a counterclaim against Margiotta which was adjudicated in the defendants' favor.
 
 
 4
 On October 10, 1990, Margiotta filed a complaint against the herein named defendants alleging various infringements upon his civil and constitutional rights. Margiotta's claim against defendant Chase revolved around an alleged breach of a real estate commission agreement. His claim against the Attorney Grievance Commission (AGC) related to his dissatisfaction with the AGC's handling of a grievance that Margiotta had filed. Regarding defendant Judge Breck, Margiotta basically questioned the manner in which Judge Breck performed his judicial duties. Regarding defendant Hampton, Margiotta complained about "Hampton's lack of qualifications" to serve in an arbitral capacity. Margiotta claimed further that defendants Kosik, Sr., Kosik, Jr., Raupp, and Bunting, acted in collusion to deprive him of his rights throughout a series of real estate transactions and in his ensuing efforts to seek legal redress. Margiotta sought monetary relief.
 
 
 5
 The defendants, jointly and individually, filed several motions which sought various forms of summary disposition. All of the defendants, except for the AGC, requested sanctions pursuant to Fed.R.Civ.P. 11. The district court entered judgment in favor of the defendants. However, the court denied the defendants' request for sanctions. On appeal, defendants Breck and Hampton request an award of attorney fees and costs pursuant to Fed.R.App.P. 38. Defendants Kosik, Sr., Kosik, Jr., Bunting, and Raupp request sanctions pursuant to Fed.R.Civ.P. 11, and have also filed a motion for costs and attorney fees.
 
 
 6
 Upon review, we conclude that the dismissal of Margiotta's complaint against defendant Breck was proper because it appears beyond doubt that Margiotta can prove no set of facts which would entitle him to relief. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). On review, Margiotta's allegations must be taken as true and construed in the light most favorable to him. Id. at 475. However, the court need not consider vague or conclusory allegations. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 7
 In the instant case, Margiotta has not cited any federal law to invoke federal question jurisdiction, nor is there any indication from the face of the complaint that diversity jurisdiction exists. Thus, dismissal was proper because there is no jurisdictional basis upon which to evaluate Margiotta's claims against Judge Breck.
 
 
 8
 Even if we assume that jurisdiction exists, dismissal was proper because Judge Breck is entitled to judicial immunity. Judges are immune from damage liability except for acts done in clear absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 356 (1978). The facts as alleged in Margiotta's complaint fail to disclose any actions by Judge Breck which would fall outside the realm of his judicial authority. As such, Judge Breck is not subject to the suit brought by Margiotta.
 
 
 9
 Upon further review, we conclude that the district court properly granted summary judgment in favor of the remaining defendants because no genuine issue of material fact existed and the defendants were entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 10
 To the extent that Margiotta's complaint may be construed to allege wrongdoing by defendant Hampton as an arbitrator, Hampton is entitled to judgment as a matter of law. Hampton is immune from civil liability for acts arising out of agreed upon arbitration proceedings. See Corey v. New York Stock Exchange, 691 F.2d 1205, 1208-09 (6th Cir.1982).
 
 
 11
 Similarly, suit against the AGC is barred by the eleventh amendment immunity, see generally Welch v. Texas State Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987); Kelley v. Metropolitan County Bd. of Educ., 836 F.2d 986, 988-95 (6th Cir.1987), cert. denied, 487 U.S. 1206 (1988), and Michigan Court Rule 9.125.
 
 
 12
 Regarding the remaining defendants, summary judgment was proper because the acts complained of appear to be the acts of private citizens. They do not encompass the requisite "state action" sufficient to state a claim under § 1983. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moore v. City of Paducah, 890 F.2d 831, 833-34 (6th Cir.1989).
 
 
 13
 Finally, we decline to award attorney fees, based on Margiotta's lack of any record of previous frivolous litigation. Cf. Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). An award of costs under Fed.R.App.P. 38 is appropriate in this case, however. Accordingly, the defendants may submit respective bills of costs within fourteen days of this order. The request for Rule 11 sanctions is denied. The motion to dismiss the appeal as to defendant Chase is granted.
 
 
 14
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation