963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stacie Ben HUNT, Plaintiff-Appellant,
v.
Lt. Malcolm THOMPSON; Mary S. Rowan, Defendants-Appellees.
 No. 91-2089.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hunt's 42 U.S.C. § 1983 civil rights complaint was filed against Thompson, a Wayne County Deputy Sheriff, and Rowan, an Assistant Corporation Counsel for Wayne County. Hunt alleged that Rowan gave false information which misled the court and resulted in the dismissal of his previous civil rights action. He also alleged that Rowan's affidavit attached to the motion for summary judgment stated that Thompson arrested him in 1983 when Rowan knew plaintiff's first contact with Thompson wasn't until 1984 and that the matter plaintiff was complaining about occurred in 1985. The magistrate judge filed a report and recommendation recommending that summary judgment be granted to the defendants. The plaintiff filed objections. The district court after de novo review of the record and consideration of the objections granted summary judgment for the defendants and dismissed the action. Plaintiff appealed.
 
 
 4
 On appeal, plaintiff argues that the defendants submitted fraudulent information which resulted in his previous civil rights action being dismissed, and that Rowan is not entitled to absolute immunity because she was not acting in a prosecutorial capacity.
 
 
 5
 The court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602 (6th Cir.1988).
 
 
 6
 The magistrate judge correctly addressed the issues raised by the plaintiff. The magistrate judge determined that the complaint alleged that Rowan misstated the search and arrest dates in her affidavit but no allegations were made against Thompson. Also, contrary to plaintiff's assertions, the affidavit and motion submitted by Rowan in the previous civil rights action did not state that Thompson arrested the plaintiff in 1983. The conclusory allegations that Thompson disseminated false information and that there was a conspiracy between the defendants to violate plaintiff's constitutional rights failed to state a claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 7
 Accordingly, for the reasons stated in the magistrate judge's report and recommendation as adopted by the district court in its August 22, 1991, order and the reason stated in this order, it is ORDERED that the judgment of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation