966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Plaintiff-Appellant,
v.
Terry PITCHER; Oswald, Officer, Defendants-Appellees.
 No. 92-1056.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond Jackson appeals the dismissal of his civil rights action filed under 42 U.S.C. § 1983 in which he alleged that he was assaulted by the defendant prison guard. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court alleging that the defendant prison guard knocked a cigarette from his hand and, "(w)hen plaintiff bent over to pick the cigarette up, the officer stomped on plaintiff's hand." The district court dismissed plaintiff's complaint and certified that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a). Plaintiff has paid the filing fee on appeal. Upon consideration, we will affirm the judgment for reasons other than those stated by the district court as we read its order of dismissal. See Boger v. Wayne County, 950 F.2d 316, 322 (6th Cir.1991).
 
 
 3
 Generally, a complaint filed pro se should be dismissed under Fed.R.Civ.P. 12(b)(6) only if, accepting the factual allegations as true, it appears beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). However, mere conclusions are not sufficient to state a claim. Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). Here, plaintiff's claim must fail as a matter of law.
 
 
 4
 Recently, the Supreme Court determined that a plaintiff need not prove a "significant injury" in order to establish an Eighth Amendment violation. Hudson v. McMillian, 112 S.Ct. 995, 998-1000 (1992). However, the Supreme Court also determined that "not ... every malevolent touch by a prison guard gives rise to a federal cause of action.... The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " Id. at 1000 (citations omitted). Moreover, prison officials may use force in good faith to maintain discipline. Id. at 998-99. In Hudson, the Supreme Court determined that Hudson's injuries resulting from a beating administered by two prison guards while Hudson was handcuffed (bruising, swelling, lossened teeth, and a broken dental plate) were not de minimis for purposes of the Eighth Amendment. Id. at 1000.
 
 
 5
 In the instant case, the plaintiff has alleged de minimis injury at most. Moreover, plaintiff has alleged nothing which arises to the level of a malicious or sadistic use of force, rather than a good faith application of force used to maintain discipline. Therefore, plaintiff can prove no set of facts which would entitle him to relief.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.