980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Leo OSWALD, Plaintiff-Appellant,
v.
Dan TRUDELL; M. Podeszwik, Defendants-Appellees.
 No. 92-1595.
 United States Court of Appeals, Sixth Circuit.
 Dec. 4, 1992.
 
 Before MILBURN and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Robert Leo Oswald, pro se, appeals from the district court's order dismissing his civil rights complaint filed under 42 U.S.C. § 1983. The defendants are the deputy warden and the hearing investigator at the Huron Valley Men's Facility (HVMF) in Ypsilanti, Michigan.
 
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Oswald alleged that the defendants "conspired to deprive plaintiff of his legal and religious personal property based on an illegally trumped up charge." Specifically, Oswald alleged that on April 7, 1991, a stabbing incident occurred at HVMF and that, on April 8, 1991, Oswald was placed in segregation pending an investigation of this incident, because he was listed as a "material witness" to this event. On April 11, a hearing took place, at which time the classification committee determined that there was a discrepancy as to whether Oswald was a "material witness" to the incident or was actually a "suspect" in the stabbing. The hearing officer adjourned the hearing, pending further investigation to resolve this discrepancy. On April 12, the hearing was reconvened. At that time, the committee determined, based on two separate statements from a Michigan state police sergeant, that Oswald was being investigated for felonious behavior involving the stabbing and, therefore, Oswald was a "suspect" in the incident. The classification decision was then upheld to confine Oswald in administrative segregation, as he was considered a "risk to the safety of other prisoners and security of this facility."
 
 
 4
 Oswald complains that for the first sixteen days of this administrative segregation, he was unconstitutionally denied his "religious and legal property," and that he was unconstitutionally placed in administrative segregation in violation of his due process rights. The matter was referred to a magistrate judge, who determined that the prison officials fully complied with all applicable Michigan laws and rules in reclassifying Oswald. The magistrate judge concluded that Oswald had been afforded all due process protections pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974). Oswald filed objections to the report and recommendation, which were considered by the district court. Thereafter, the district court adopted the magistrate judge's recommendation and granted the defendants' motion for summary judgment, dismissing the complaint by order dated April 28, 1992. On appeal, Oswald requests the appointment of counsel.
 
 
 5
 This court's review of a grant of summary judgment is de novo using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 When evaluating the constitutionality of prison officials' conduct, courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); see also Martucci v. Johnson, 944 F.2d 291, 293-94 (6th Cir.1991). The prison practice and regulation of administratively securing a prisoner who is suspected of engaging in a felonious and dangerous activity within the prison is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 84-91 (1987).
 
 
 7
 A prison administrator's duty to provide inmates with adequate law libraries or adequate assistance to persons trained in the law is not necessarily a constitutional guarantee to typewriters, legal equipment, or certain legal materials, without reasonable prison regulations regarding time, place and manner of legal research. Bounds v. Smith, 430 U.S. 817, 828 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Oswald has not shown he was denied his constitutional right of access to the courts. Moreover, Oswald's statements that he has been prejudiced by this temporary lack of his legal property is lacking in the specificity required to state a § 1983 claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 8
 Finally, the record shows that Oswald was afforded all process that was due him under the requirements set forth in Hewitt v. Helms, 459 U.S. 460, 472 (1983). It was clearly within the defendants' discretion to place Oswald in a "non-punitive" segregation area to safeguard institutional security while conducting the investigation of unresolved charges. Woodson v. Lack, 865 F.2d 107, 109 (6th Cir.1989).
 
 
 9
 Accordingly, Oswald's request for the appointment of counsel is denied, and the district court's order granting the defendants' motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.