980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert JOHNSON, Plaintiff-Appellant,
v.
DETROIT COLLEGE OF LAW; Martin Kotch, Professor; Matthew
McKinnon, Professor; John Soave, Jr., Professor;
Defendants-Appellees,
Dean Arthur Lombard, Dean, Defendant.
 No. 92-1587.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1992.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Robert Johnson, a Michigan plaintiff proceeding without the benefit of counsel, appeals from an order granting summary judgment in favor of defendants, and from an order denying his motion for reconsideration. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Johnson is a failed law student of Detroit College of Law (DCL) who was unable to achieve a "2.0" overall grade point average at the conclusion of the first two regular semesters. He was denied readmission to the College of Law after exhausting the College's appellate procedures. Seeking monetary damages, injunctive relief, a declaratory judgment, and other relief, Johnson asserted six theories of relief including allegations of handicap and racial discrimination. His argument was that he was not called on to recite or "brief" cases in class with enough regularity to enhance his understanding of the subject matter. He contends that his lack of participation was the result of race and handicap discrimination. Conversely, when he was called on to participate, Johnson alleges that he was ridiculed as a result of his handicap and race. In other words, Johnson argues that had he not been treated as rudely as he alleges, he would have participated more in class, would have learned more and would have been better able to earn passing grades.
 
 
 3
 The district court granted defendants' motion for summary judgment on the grounds that DCL dismissed Johnson for failure to achieve a cumulative grade point average of "2.0" after two semesters; that there was no evidence to support any allegation of race discrimination; that Johnson could not meet the burden of proving that he was "otherwise qualified" to continue as a student and was denied that opportunity because of his handicap; that Johnson's claims with regard to breach of contract were utterly frivolous and without any basis whatever; that Johnson's claim of defamation was barred by the one year statute of limitations, pursuant to MCLA 600.5805(7); MSA 27A.5805; and, that Johnson's claim of civil conspiracy was inadequate as a matter of law.
 
 
 4
 Appellate courts review novo a grant of summary judgment. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is appropriate under Fed.R.Civ.P. 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Additionally, judicial review of a public educational institution's decisions is a "narrow avenue" of review. Regents of the University of Michigan v. Ewing, 474 U.S. 214, 227 (1985).
 
 
 5
 Upon review, we conclude that the district court did not err. Johnson can show no genuine issue of material fact that he was the victim of either racial or handicap discrimination, and his allegation that he would have earned higher grades had he not been discouraged from class participation is too speculative to overcome a properly supported motion for summary judgment. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Johnson's remaining allegations of error are meritless.
 
 
 6
 Accordingly, the order of the district court granting summary judgment in favor of defendants is hereby affirmed for the reasons set forth in the transcript of the summary judgment hearing conducted on March 19, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.