12 F.3d 211
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda S. ARDITI, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 93-3600.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1993.
 
 N.D. Ohio, No. 91-02166; Matia, J.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 3
 Linda S. Arditi, pro se, appeals a district court order granting summary judgment in this case filed pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. Sec. 2000e, et seq. The defendant is Anthony M. Frank, Postmaster General at the time the complaint was filed. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 In her complaint, Arditi alleged: 1) during the course of her employment, she was "sexually harassed" by a supervisor, creating an intimidating, hostile and offensive working environment; 2) she was unlawfully discharged from her employment on November 29, 1989, based on her alleged failure to pass a "window clerk" examination, because the test was improperly graded; 3) the United States Postal Service acted in an arbitrary, unreasonable, and sexually discriminatory manner in failing to take proper steps to ensure proper grading of the exam; and 4) the use of the test had an effect of discriminating against female employees. Arditi alleged that, as a result of her unlawful discharge, she has suffered from lost wages and benefits, damage to her reputation, and severe emotional distress. She requested declaratory and injunctive relief, including immediate reinstatement to her prior position with the Postal Service, adjusted by the wage rate salary and bonuses that she would be enjoying but for the defendant's discriminatory practices.
 
 
 5
 The matter was referred to a magistrate judge, who determined that Arditi had not made out a prima facie case of discrimination and that, had a prima facie case been established, the defendant had met his burden of showing that Arditi was discharged for a legitimate nondiscriminatory reason. The district court, upon de novo review of the report and recommendation as well as Arditi's objections, adopted the report and granted the defendant's motion for summary judgment.
 
 
 6
 On appeal, Arditi states that the district court failed to consider the "Freedom of Information Act," the "Civil Rights Act of 1991" and "Sexual Harassment." She also moves this court for the appointment of counsel and for leave to proceed without prepayment of costs, fees, or security. The district court granted her motion to proceed in forma pauperis, on appeal, by order entered June 28, 1993.
 
 
 7
 This court's review of a grant of summary judgment is de novo, using the same test as used by the district court. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 8
 Under the standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), it is well-established that, in Title VII cases, the plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence. To establish a prima facie case, Arditi must show that: 1) she is a member of a protected class; 2) she was subject to an adverse employment action or was discharged; 3) she was qualified for that position; and 4) she was replaced by a person outside the protected class. McDonnell Douglas, 411 U.S. at 802. To prove she was a victim of disparate treatment, Arditi must produce evidence which, at a minimum, establishes: 1) that she is a member of a protected class; and 2) that for the same or similar conduct, she was treated differently than similarly-situated employees. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992); Davis v. Monsanto Chemical Co., 858 F.2d 345, 347 (6th Cir.1988), cert. denied, 490 U.S. 1110 (1989). The district court was correct in finding that Arditi has not carried her initial burden of establishing a prima facie case of sex discrimination in order that the burden would be shifted to the defendant to show a legitimate reason for terminating her. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 9
 Arditi's allegation that the window clerk test was discriminatory in nature is inadequate to state a claim, because it is premised upon mere conclusions and opinions which this court need not accept as true. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Thus, even if Arditi can establish that she is a member of a protected class and was subject to an adverse employment action, she is unable to show that she was qualified for the position of window clerk, in light of her test results, in order to meet the third prong of the McDonnell Douglas criteria. Therefore, a prima facie case of discrimination has not been shown. Moreover, she has not alleged or shown that similarly-situated employees were treated differently, so that it can be said she was a victim of disparate treatment.
 
 
 10
 Her sexual harassment claim does not set forth the elements necessary to establish such a claim under either Title VII or under 42 U.S.C. Sec. 1983. See Meritor Sav. Bank v. Vinson, 477 U.S. 57, 67 (1986). Arditi's allegations do not show that the alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment. Id.
 
 
 11
 The district court correctly found that the Postmaster General's acts cannot constitute "state action" in order for a claim to be established pursuant to 42 U.S.C. Sec. 1983. Finally, Arditi's vague assertion that the Freedom of Information Act (FOIA) was violated also lacks merit. As the United States Supreme Court has noted, the FOIA was not intended to "supplement or displace rules of discovery." John Doe Agency v. John Doe Corp., 493 U.S. 146, 157 (1989).
 
 
 12
 Accordingly, Arditi's motion for the appointment of counsel is hereby denied, her motion to proceed in forma pauperis, on appeal, is denied as moot, and the district court's order granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation