103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert N. MAYS, Plaintiff-Appellant,
v.
Don SUNDQUIST, Governor; Ned Ray McWherter, Former
Governor; Lamar Alexander, Former Governor,
Defendants-Appellees.
 No. 96-5288.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Herbert N. Mays, a pro se Tennessee prisoner, appeals a district court order granting the defendants' motion to dismiss this case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and declaratory relief, and monetary damages, Mays sued the Governor of Tennessee and two former governors of that state, in their individual and official capacities. Bringing this action under 42 U.S.C. § 1983, Mays claimed that these defendants violated his and other prisoners' Eighth Amendment rights when they subjected the prisoners to cruel and unusual punishment by permitting the state legislators to amend the state's sentencing laws. The district court considered the claim, but granted the defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). On appeal, Mays reasserts his claim against the defendants, and argues that the district court erred when it did not review all of the Tennessee sentencing laws that have been amended since 1970.
 
 
 3
 We conclude that the district court properly dismissed the claim under Rule 12(b)(6) because, even when the complaint is construed in a light most favorable to the plaintiff, Mays can prove no set of facts in support of his claim that would entitle him to relief. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1101-02 (6th Cir.1995). The plaintiff did not refer to any particular law or statute under which he was sentenced so that the court could review his claim as it applies to his criminal case. Essentially, Mays has asked the federal courts to review all amendments to the state's sentencing laws that were passed between 1970 and 1995. Thus, his allegations are premised upon vague conclusions and opinions that are not sufficient to support his § 1983 action. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Even if Mays's allegations were specific enough to support a § 1983 claim, this case must be dismissed, because a favorable ruling on his claim would necessarily render his continuing confinement invalid, and the reason for his confinement has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Heck v. Humphrey, 114 S.Ct. 2364, 2372-73 (1994).
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.