Rosalind SHARWELL; J. Sharwell, Plaintiffs–Appellants,

v.

Richard SELVA, doing business as Sparks Moving and Storage; Kevin Williams, doing business as the Price is Right; Acordia of Northeast Ohio; Associated Indemnity Corporation; Fireman's Fund Insurance Companies; Diane M. Neiner, Ins. Agent; Cigna Property & Casualty Insurance Company; Acordia of Indiana; State of Ohio; Acordia of Ohio; Acordia of New York; Acordia of Cleveland; Ohio Department of Insurance; Betty Montgomery; Bankers Standard Insurance Company, Defendants–Appellees.

No. 00–3482.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

### ORDER

Rosalind and Jack Sharwell, Ohio residents proceeding pro se, appeal a district court judgment dismissing their action filed pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1951 et seq., the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., the Federal Trade Commission Act (FTCA), 15 U.S.C. § 41 et seq., and state law. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In their complaint, as amended, the Sharwells sued movers, insurance companies, and an assortment of government and private defendants because more than $50,000 worth of their property was damaged or stolen during a move to a new residence. The Sharwells never received insurance proceeds from a renter's insurance policy or a policy sold by a mover. The state allegedly would not investigate possible illegalities concerning the insurance policies, and certain defendants thereafter allegedly conspired to bill Rosalind Sharwell for new insurance without authorization. After reviewing the defendants' dispositive motions, the district court dismissed the complaint for failure to state a claim and for lack of diversity jurisdiction.

In their timely appeal, the Sharwells request oral argument and essentially reassert their claims. The defendant insurance companies argue that Rosalind Sharwell is not an appellant as she did not sign the notice of appeal and that Jack Sharwell lacks standing.

■ Initially, we deem Rosalind Sharwell to be an appellant. Rule 3(c)(2) of the Federal Rules of Appellate Procedure states that "[a] pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse . . . ." Furthermore, we conclude that Jack Sharwell has standing to bring claims concerning the policy allegedly sold by the mover to both plaintiffs and to bring state tort claims to compensate him for his interest in the missing and damaged property. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Upon de novo review, we conclude that the district court properly dismissed the complaint. *See* Fed.R.Civ.P. 12(b)(6); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995). The Sharwells failed to state a federal claim as their complaint contained merely vague and conclusory allegations. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Moreover, none of the named defendants is a debt collector subject to the FDCPA, *see* 15 U.S.C. § 1692a, and no private cause of action exists under the FTCA. *Holloway v. Bristol–Myers Corp.,* 485 F.2d 986, 988 (D.C.Cir.1973).

■ The district court properly declined to consider the state law claims because the federal claims had been dismissed and the court did not have independent jurisdiction over the state law claims. Where a district court has jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Faughender v. City of North Olmsted, Ohio,* 927 F.2d 909, 917 (6th Cir. 1991). The district court lacked independent jurisdiction under the diversity statute because the amount in controversy did not exceed $75,000 and complete diversity of citizenship did not exist. *See* 28 U.S.C. § 1332. Some defendants were citizens of Ohio as were the plaintiffs. *See Jerome–*

*Duncan, Inc. v. Auto–By–Tel,* 176 F.3d 904, 907 (6th Cir.1999).

Accordingly, the request for oral argument is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.