966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stacie Ben HUNT, Plaintiff-Appellant,
v.
FELD, Officer, Defendant-Appellee.
 No. 91-1946.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1992.
 
 Before MERRITT, Chief Judge, MILBURN, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Stacie Ben Hunt, pro se, appeals the district court's judgment granting the defendant's motion for summary judgment and dismissing this civil rights action filed under 42 U.S.C. § 1983. The defendant is an officer with the Detroit Police Department. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Hunt alleged that Feld deliberately withheld certain evidence in the trunk of his car for a period of four and one half years, which evidence was exculpatory and should have been produced by the prosecution prior to his trial pursuant to the Brady doctrine. See Brady v. Maryland, 373 U.S. 83 (1963). Hunt further alleged that this same evidence, in the form of two civil complaints, was false evidence used to support the probable cause necessary to issue the search warrant which led to his ultimate arrest in 1983. Finally, the plaintiff alleges that the state disregarded the court's discovery order requiring it to disclose material favorable to the accused, and, therefore, violated his right to due process. The plaintiff admitted that a fourth allegation, that the defendant used excessive force during the 1983 search and seizure, was barred by the Michigan Statute of Limitations, applicable to § 1983 actions. Thus, the only issues on appeal are those set forth above.
 
 
 3
 The district court dismissed this complaint for lack of the requisite specificity to constitute a valid claim under § 1983. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Upon review, this court concludes that the district court's dismissal should be affirmed for the reasons stated by that court. The additional facts that Hunt now alleges were not first presented to the district court. Therefore, these facts may not be considered for the first time, on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 4
 Accordingly, the district court's judgment dismissing this complaint is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.