996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hardy Lamar WILSON, Plaintiff-Appellant,
v.
Joe DABORSKI, et al., Defendants-Appellees.
 No. 92-1920.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 Before: MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Hardy Lamar Wilson, a Michigan state prisoner, appeals pro se from the judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Wilson sought monetary relief in this action against a number of employees of the Michigan Department of Corrections and Michigan State Industries. He complained that he had been falsely charged with disciplinary infractions, denied due process, denied access to the courts, and deprived of his prison job assignment. The magistrate judge recommended that defendants' motion for summary judgment be granted, and the district court adopted this recommendation. Both the district court and this court found that an appeal would not be in good faith, and denied Wilson pauper status on the appeal. He then paid the filing fee. In his appellate brief, Wilson argues that his substantive due process rights were violated by the defendants' filing of false charges against him in retaliation for his exercise of his right to petition the courts. He also points to two factual errors in the magistrate judge's report.
 
 
 3
 Upon review, it is concluded that defendants were properly granted summary judgment on the substantive due process claim because Wilson presented no evidence in support of his claim of retaliatory false charges. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The court is not required to accept Wilson's conclusory allegation that false charges were purposely filed against him for a retaliatory purpose absent any evidence in support of the claim. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 Wilson correctly points out that the magistrate judge erred in finding that some of the defendants were not properly served due to an error on Wilson's part. The record shows that Wilson repeatedly provided the information necessary to serve these defendants and requested that service be attempted, to no avail. Also, Wilson correctly points out that the magistrate judge failed to note that Wilson was found not guilty of the charges filed against him. However, neither of these points affects the analysis of the merits of the case.
 
 
 5
 Appellees have requested an award of costs and attorney fees. They are entitled to costs under Fed.R.App.P. 39, but an award of attorney fees is not warranted. Accordingly, a bill of costs may be submitted within fourteen days of the entry of this order.
 
 
 6
 For the above reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.