33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip D. JACOBS, Plaintiff-Appellant,
v.
T. METCALFE, et al., Defendants-Appellees.
 No. 93-4319.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1994.
 
 Before: KENNEDY, RYAN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Phillip D. Jacobs, a pro se Ohio prisoner, appeals a district court order granting summary judgment for the defendants in his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and injunctive relief, Jacobs sued the warden (Dallman) and mail supervisor (Metcalfe) at Lebanon Correctional Institute (LCI), and the U.S. Postmaster for Lebanon, Ohio, for violating his First and Fourteenth Amendment rights of access to the courts and equal protection. Jacobs alleged that the defendants' policy for delivering certified mail to prisoners caused unreasonable delay in receiving legal mail from the courts and actual harm in missed filing deadlines due to the delay. Jacobs subsequently filed a supplemental complaint in which he alleged that Dallman directly participated in and encouraged the certified mail policy, and that P.J. Metz, Rish, and Metcalfe withheld or destroyed personal and legal mail. Jacobs sought compensatory and punitive damages in addition to declaratory and injunctive relief. At the district court's order, he submitted a supplemental narrative statement further outlining his claims.
 
 
 3
 In an order filed on September 4, 1991, the district court granted Postmaster George Metz's motion to dismiss on the ground that Sec. 1983 is not available for claims against federal employees and Jacobs had failed to allege facts indicating that Metz violated his constitutional rights so as to state a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971).
 
 
 4
 Jacobs filed a second amended complaint, aided by a court-appointed attorney, naming only Morris, Shanner, Dallman, P.J. Metz, Rish, and Metcalfe as defendants and seeking compensatory and punitive damages. In this complaint, he alleged that, while he was an inmate at Southern Ohio Correctional Facility from July 1985 to November 1987, defendants Morris and Shanner conducted a "campaign of harassment" which included the deliberate destruction and/or diversion of his mail. Jacobs specified a particular case in which the destruction of his mail led to the dismissal of his complaint because the court found he had not filed documents in a timely manner. He further alleged that, upon his transfer to LCI in November 1987, defendants Shanner, Metcalfe, Metz, and Rish (with the knowledge and approval of Morris and Dallman), destroyed all legal documents in Jacobs's possession, as well as personal mail. Jacobs again cited a particular case which was dismissed for failure to submit documents on time, allegedly due to the defendants' misconduct. Finally, Jacobs alleged that he was deprived of religious materials and suffered severe emotional distress which contributed to the deterioration of his heart condition. A pro se supplemental complaint was filed on November 13, 1992.
 
 
 5
 The district court sua sponte issued a show cause order asking the parties to explain why summary judgment should not be entered against Jacobs and ordered both plaintiff and defendants to respond. Jacobs filed a response accompanied by an affidavit in which he stated, inter alia, that the certified mail policy had been recently changed in response to his lawsuit. A magistrate judge issued a report on June 30, 1993, in which he recommended summary judgment for the defendants. Because the defendants did not respond to the court's show cause order, the magistrate judge found that the facts were undisputed. Nonetheless, the magistrate judge concluded that Jacobs's allegations were "premised upon mere conclusions and opinions." The district court overruled Jacobs's objections, and granted summary judgment for the defendants in an order filed on July 29, 1993. Jacobs's timely motion for reconsideration was denied.
 
 
 6
 On appeal, Jacobs argues that the district court improperly granted summary judgment to the defendants in light of the undisputed facts he presented. He asks this court to vacate the district court's judgment and to remand the case for entry of judgment for the plaintiff and a hearing on damages as to the certified mail issue, and for a trial on his remaining claims.
 
 
 7
 Upon review, we affirm the district court's judgment insofar as it dismisses the claim against Postmaster Metz and the issues regarding the certified mail policy and the alleged deprivation of religious materials. However, we vacate the judgment insofar as it dismisses the claims regarding the destruction of legal and personal mail and retaliation because genuine issues of material fact remain which preclude entry of summary judgment for the defendants at this time. This court's review of an order granting summary judgment is de novo; it uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 8
 Jacobs has not raised on appeal his issue regarding the alleged deprivation of religious materials. Therefore, it is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 The district court did not err in dismissing Jacobs's claim (construed as a Bivens action) against Postmaster Metz and his entire claim regarding the certified mail policy. Despite the undisputed fact that the policy followed by the Lebanon Postmaster and LCI officials resulted in frequent delays in prisoners receiving any piece of mail for which they had to sign, Jacobs is not entitled to relief because there is no constitutional right to speedy delivery of the mail.
 
 
 10
 However, this court must vacate the district court's summary judgment for the defendants regarding Jacobs's claims alleging retaliation and the violation of his right of access to the courts through destruction of his legal mail. The district court adopted the magistrate judge's report which dismissed Jacobs's claims on the basis that they were "premised upon mere conclusions and opinions." This court has, indeed, held that, although a plaintiff may address the basic elements of a cause of action, he will fail to state an adequate claim under Sec. 1983 if his allegations are based upon mere conclusions and opinions. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). In this case, however, the district court erred in granting summary judgment to the defendants on the basis of conclusory allegations. To the contrary, Jacobs's pleadings provide specific incidents and dates, case numbers of dismissed court actions, and evidence that mail to and from relatives and friends on the outside repeatedly failed to reach its destination.
 
 
 11
 The right of meaningful access to the courts is protected by the First and Fourteenth Amendments and requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." Bounds v. Smith, 430 U.S. 817, 822 (1977). See also Jackson v. Procunier, 789 F.2d 307, 310-11 (5th Cir.1986) (court of appeals reversed the dismissal of a claim where a prisoner had alleged that the prison mailroom personnel had deliberately delayed his mail, resulting in the dismissal of his state court appeal in a civil lawsuit). Jacobs's second amended complaint, like that in Jackson, alleges that the defendants intentionally withheld or destroyed his personal and legal mail, which resulted in the dismissal of two specific court actions. Accordingly, the issue is remanded for the district court's further consideration.
 
 
 12
 Finally, the magistrate judge and district court did not address Jacobs's allegations that the defendants interfered with his mail in retaliation for his previous lawsuits other than to label the allegation "conclusory." This issue must also be considered by the district court as it is related to his destruction of legal mail claim.
 
 
 13
 Accordingly, the district court's judgment, entered on July 29, 1993, is affirmed as to the dismissal of the claim against Postmaster Metz and the claims relating to the certified mail policy and the deprivation of religious materials. The judgment is vacated, however, as to the destruction of mail and retaliation claims and the case is remanded to the district court for further proceedings as to those claims. Rule 9(b)(3), Rules of the Sixth Circuit.