983 F.2d 1065
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Raymond G. TOOMBS, et al., Defendants-Appellees.
 No. 92-1756.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1993.
 
 1
 Before KEITH and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. He requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory, injunctive and monetary relief, Carson Lynn Brown alleged that he was deprived certain constitutional rights during his confinement at the Ionia (Michigan) Maximum Correctional Facility. Brown alleged that he was the object of racial slurs, that he was falsely accused of misconduct resulting in placement on a food restriction (nutra-loaf), that he was arbitrarily placed on cigarette light restriction, and that he suffered physically and psychologically from the food and light restrictions. Summary judgment was granted in favor of defendants.
 
 
 4
 On appeal, Brown argues that the district court failed to address his claims of racial discrimination, cruel and unusual punishment, a denial of due process and the denial of psychological services. He also contends that he was improperly denied an opportunity for discovery and that the district court discriminated against him on the basis of race when it denied his request to file a proposed brief exceeding the court's page limits.
 
 
 5
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 First, Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987). His allegations are insufficient to support a claim for a violation of equal protection because he failed to demonstrate a selective discriminatory purpose. See McCleskey v. Kemp, 481 U.S. 279, 292 (1987).
 
 
 7
 Second, a diet of nutra-loaf or food loaf does not violate the prohibition against cruel and unusual punishment because the loaves meet nutritional and caloric requirements. See Cunningham v. Jones, 567 F.2d 653, 656 (6th Cir.1977). Additionally, Brown failed to state a claim based on the cigarette light restriction because he has no protected interest in cigarette smoking.
 
 
 8
 Third, Brown alleged that he was denied medical and psychological services because of his race. Defendants are entitled to judgment because the allegation is conclusory and unsupported by any specific allegations. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987). Moreover, Brown failed to demonstrate that defendants were deliberately indifferent to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976).
 
 
 9
 Next, Brown challenged defendants' failure to follow state-created procedures for hearings on misconduct charges. Brown's allegations are insufficient to support his claim of a due process violation. Although the state has created a procedure for review of misconduct charges, Brown has no due process interest in the procedure itself. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 10
 Brown's remaining arguments lack merit. The district court did not abuse its discretion by denying leave to file an enlarged brief. Additionally, a party opposing a motion for summary judgment has no right to complete discovery before the motion is decided. See Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir.1989).
 
 
 11
 Accordingly, the request for appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation