110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony D. WILLIAMS, Plaintiff-Appellant,
v.
James CRAIGIE; James Zummer; FNU Hudson; Janice Metzger;
U Wilkins, Defendants-Appellees.
 No. 96-1428.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 E.D.Mich., No. 95-10281; Robert H. Cleland, Judge.
 E.D.Mich.
 AFFIRMED.
 Before: KEITH, MERRITT, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Anthony D. Williams, a pro se Michigan prisoner, appeals a district court judgment dismissing his prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and equitable relief, Williams sued five Michigan prison officials (Craigie, Hudson, Metzger, Wilkins and Zummer) at Standish Maximum Correctional Facility in their individual and official capacities. Williams asserted that: 1) the defendants violated his due process rights by placing him in administrative segregation on June 22, 1994; 2) the defendants violated his due process rights by repeatedly refusing to release him from administrative segregation in 1995; and 3) Wilkins and Metzger retaliated against him after he filed grievances in 1995. Williams also asserted a supplemental state law claim. The magistrate judge reasoned that Williams's prior cases barred litigation of his claims, see Williams v. Saylor, Nos. 95-2327, 95-2405, 1996 WL 627757 (6th Cir. Oct. 29, 1996), and the magistrate judge thus recommended dismissing the case sua sponte under the doctrine of claim preclusion. Upon consideration of the magistrate judge's report and over Williams's objections, the district court dismissed the case.
 
 
 3
 In his timely appeal, Williams reasserts his same claims. He also argues that res judicata does not bar these claims and that the defendants in the instant case are not in privity with the defendants in his prior cases.
 
 
 4
 Initially, we note that Williams's request for equitable relief is moot because he has been transferred to a different facility. See Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996). However, the suit may proceed as Williams also seeks monetary relief.
 
 
 5
 Upon review, we conclude that the district court's judgment should be affirmed for reasons other than those stated by the district court as Williams's claims are not barred under the doctrine of claim preclusion but are nonetheless without merit. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994).
 
 
 6
 This court renders de novo review of determinations made under the doctrines of claim preclusion and issue preclusion. Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir.1994). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented. Id.
 
 
 7
 As to the first issue in the instant case, Williams alleged that the defendants violated a state-created liberty interest by placing him in administrative segregation without a hearing on June 22, 1994. In the prior cases, he contested his placement in administrative segregation following the defendants' discovery of sexually explicit cartoons on October 24, 1994. Thus, this issue is not based on the same cause of action and is not barred by claim preclusion. See Black, 15 F.3d at 582.
 
 
 8
 However, Williams's due process rights were not violated as he has no inherent constitutional right to remain free of administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Likewise, he has no state-created liberty interest as administrative segregation imposes no "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995).
 
 
 9
 In his second issue, Williams asserted that the defendants violated a state-created liberty interest by not releasing him from administrative segregation at his periodic reviews on January 25, 1995, June 22, 1995, and July 20, 1995, even though he purportedly no longer qualified for confinement in administrative segregation. Although Williams was then in custody as a result of the cartoons, these reviews occurred after the filing of his previous complaints and could not have been brought at that time. Thus, claim preclusion does not bar the second issue. See Black, 15 F.3d at 582.
 
 
 10
 Nonetheless, the issue is without merit. Whether the defendants erroneously applied prison policy is not subject to federal review as federal courts are not required to second-guess a prison factfinder's decision. See Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 11
 As to his third claim, Williams alleged that Wilkins and Metzger retaliated against him in various ways after he filed grievances in the spring of 1995. As with the second claim, the alleged events occurred after the filing of his prior complaints and could not have been brought previously. Thus, claim preclusion does not bar the third issue. See Black, 15 F.3d at 582.
 
 
 12
 Wilkins's alleged actions do not constitute an "egregious abuse of government power" sufficient to state a claim for retaliation. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Wilkins's purported verbal threats do not rise to the level of a constitutional violation. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam) (same did not constitute punishment within the meaning of the Eighth Amendment). Furthermore, Wilkins's alleged threat to keep Williams in administrative segregation does not violate the constitution as a prisoner has no inherent constitutional right to remain free of administrative segregation. See Hewitt, 459 U.S. at 468.
 
 
 13
 Likewise, Metzger's alleged actions do not constitute an "egregious abuse of government power" sufficient to state a claim for retaliation. See Cale, 861 F.2d at 949-50. First, Williams does not allege that the purported confiscation of legal documents hindered his efforts to pursue a legal claim. See Lewis v. Casey, 116 S.Ct. 2174, 2180 (1996). Second, degrading racial epithets do not rise to the level of a constitutional violation in the prison context. See Ivey, 832 F.2d at 954-55; Brown v. Toombs, No. 92-1756, 1993 WL 11882, at * 1 (6th Cir. Jan. 21, 1993) (unpublished). Third, spitting, while distasteful, does not approach the degree of egregiousness alleged in Cale as it did not put Williams at risk of disciplinary action and loss of liberty. See Cale, 861 F.2d at 950-51.
 
 
 14
 Finally, as Williams's claims are not barred by claim preclusion, we do not need to address his argument that the defendants in this case were not in privity with the defendants in his prior cases.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.