Justin Read SANDERS, Plaintiff,

v.

**PRENTICE–HALL CORPORATION SYSTEM, INC., Venetia Hobson, Code Pink, Inc., and Theresa Marsh, Defendants.**

No. 97–2227–D/A.

United States District Court,
W.D. Tennessee,
Western Division.

July 10, 1997.

Justin Read Sanders, pro se.

Paul A. Matthews, Mary A. McNeil, Memphis, TN, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO DISMISS

DONALD, District Judge.

This matter is before the Court upon the motion of Code Pink, Inc. and Venetia Hobson (Defendants) to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for which relief could be granted. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss on all grounds and *sua sponte* **DISMISSES** the Complaint in its entirety.

### PROCEDURAL HISTORY

On or about March 20, 1997, Plaintiff filed his Complaint *pro se*, alleging that Code Pink, Inc., and its employee, Theresa Marsh, acting under color of state law and in violation of 42 U.S.C. § 1983, deprived Plaintiff of his right to the free exercise of his religious beliefs, protected by the First Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment, and his right to be free of involuntary servitude, secured by Section 1 of the Thirteenth Amendment to the Constitution of the United States. Construing the Complaint with the broadest possible degree of latitude, Plaintiff alleges additionally that Defendants, acting under color of law and in violation of 42 U.S.C. § 1983, deprived Plaintiff of property without due process of law, which is prohibited by Section 1 of the Fourteenth Amendment to the Constitution of the United States. Again, reading the Complaint in its most liberal construction, Plaintiff also alleges that Defendants conspired to deprive Plaintiff of his aforementioned constitutional rights, in violation of 42 U.S.C. § 1985(3).

Defendants move to dismiss on grounds (a) that Plaintiff has failed to adequately allege the requisite state action elemental to

a claim under 42 U.S.C. § 1983, and to a claim under 42 U.S.C. § 1985(3), necessary when the constitutional rights allegedly deprived operate only against state interference; (b) that Plaintiff has failed to state a claim of deprivation under the Thirteenth Amendment because there are no allegations in the Complaint that Plaintiff was compelled to continue his employment; (c) that Plaintiff has failed to make any allegation of Prentice–Hall or Venetia Hobson other that they "created the vehicle for defendants Code Pink, Inc. and Theresa March to violate Mr. Sanders' right to freedom of religion";[1] and (d) that Code Pink, Inc.'s compliance with the provisions of the Internal Revenue Code and the regulations promulgated thereunder cannot form the basis for violation of federal statutory or constitutional rights as alleged by Plaintiff.

### RULE 12(b)(6) STANDARD

In a motion to dismiss under Rule 12(b)(6), the movant has the burden of demonstrating that non-movant can prove no set of facts in support of a claim which would entitle him to relief. Fed.R.Civ.P. 12(b)(6); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir. 1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984). The Court must presume all factual allegations of the Complaint to be true, and all reasonable inferences are made in favor of the nonmoving party. *Windsor,* 719 F.2d at 158. However, neither legal conclusions nor unwarranted factual inferences constitute material allegations, and the Court is not obliged to accept such statements as true. *McBride v. Village of Michiana,* No. 93–1641, 1994 WL 396143, 1994 U.S.App. LEXIS 19679, *7 (6th Cir. July 28, 1994) (per curiam) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)). At issue is not whether Plaintiff will prevail, but whether, on the strength of the Complaint, the claimant is entitled to offer evidence to support his claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A

motion to dismiss a Complaint alleging the violation of a civil rights statute (e.g., 42 U.S.C. § 1983) should be "scrutinized with special care." *Brooks v. Seiter,* 779 F.2d 1177, 1180 (6th Cir.1985). Dismissal is proper if the Complaint lacks an allegation regarding a required element necessary to obtain relief. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. Dismissal is also proper if "an affirmative defense or other bar to relief is apparent from the face of the complaint." 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.07[2.–5] (2d ed. 1989) In sum, dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Conley,* 355 U.S. at 46, 78 S.Ct. at 102; *Cameron v. Seitz,* 38 F.3d 264, 270 (6th Cir.1994).

### FACTS

Code Pink, Inc. is a production company chartered in Tennessee, and at all times relevant to this case, Code Pink, Inc. was responsible for casting extras to work in the movie "The People vs. Larry Flynt", filmed in Memphis, Tennessee in February and March of 1996. Prentice–Hall Corporation System, Inc. (Prentice–Hall) is Code Pink Inc.'s registered agent in Tennessee, and Venetia Hobson is the incorporator of Code Pink, Inc. Theresa Marsh is an employee of Code Pink, Inc. and, at all times relevant to the disposition of this matter, was responsible for Code Pink, Inc.'s casting payroll.

In the Complaint, Plaintiff alleges that he applied with Code Pink, Inc. to work as an extra in "The People vs. Larry Flynt". Plaintiff alleges that, at the time he made his application, he notified Code Pink, Inc. that he did not have a Social Security Number (SSN) and that his religious beliefs prevented him from obtaining one. Plaintiff alleges that, at that time, no one at Code Pink, Inc. objected to Plaintiff's lack of an SSN or indicated that his compensation was contin-

---

1. For reasons discussed *infra* at page 487, the Court considers the two non-moving defendants in this Order, and the dismissal of the Complaint operates to the benefit of the non-moving defendants as well as to Defendants.

gent upon his proffer of a valid SSN. Plaintiff worked as an extra in the movie for five days, for the promise of $50.00 per eight hour shift ($6.25/hour), plus time-and-a-half ($9.38/hour) for any time over eight hours per day. Plaintiff alleges that he worked a total of 43½ hours on the film.

In March 1996, an employee of Code Pink, Inc., whom Plaintiff names as "Willo", instructed Plaintiff that he needed to furnish his birth certificate and passport in order to be paid. When Plaintiff arrived at the Code Pink, Inc. trailer with his birth certificate and passport, however, Theresa Marsh informed Plaintiff that she would not pay him without a valid SSN. Although Plaintiff explained his religious objection to Social Security and the obtention of an SSN, Marsh still refused to pay Plaintiff, claiming that it would be illegal for her to pay him without an SSN.

Plaintiff repeatedly tried to convince Marsh and Code Pink, Inc. that it was not illegal for him to receive payment without the provision of an SSN, and evidence of his correspondence with Code Pink, Inc. is attached to the Complaint. Defendants did not, however, and have not, paid Plaintiff for the 43½ hours of work he performed as an extra in the movie.

## DISCUSSION

In order to sustain a § 1983 claim, Plaintiff must satisfy two elements, to-wit, that Plaintiff was deprived of a right secured by the Constitution or laws of the United States, and that this deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1732–33, 56 L.Ed.2d 185 (1978); *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir.1995) (citing *Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir.1991)). "It is clear that these two elements denote two separate areas of inquiry." *Flagg Bros.*, 436 U.S. at 155–56, 98 S.Ct. at 1733 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26

L.Ed.2d 142 (1970)). In any § 1983 claim, the Court's first duty is to inquire whether Plaintiff has alleged the deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692–93, 61 L.Ed.2d 433 (1979). If Plaintiff fails to allege the deprivation of a constitutionally protected right, then no cause exists under § 1983. *Id.* Therefore, the Court: addresses first Defendants' grounds for dismissing Plaintiff's Thirteenth Amendment claim.

■ As a matter of law, a claim [2] under the Thirteenth Amendment cannot be sustained unless Plaintiff proves that he was compelled to continue his employment or that he was prohibited from working elsewhere. *Cf. Brooks v. George County, Mississippi*, 84 F.3d 157, 162 (5th Cir.1996) ("When the employee has a choice, even though it is a painful one, there is no involuntary servitude ... compulsion is thus a prerequisite ... "). The Court finds that Plaintiff has made no allegations of compulsion or prohibition in the Complaint. Accordingly, the Court concludes that the Complaint lacks an allegation regarding a required element necessary to obtain relief under the theory of involuntary servitude, and the Court concludes that good cause therefore exists to **DISMISS** Plaintiff's Thirteenth Amendment claim. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686.

Defendants move next for dismissal of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983, on grounds that Plaintiff fails to allege sufficient state involvement to constitute a deprivation under color of state law. In point of fact, Plaintiff makes no specific allegations of state action in the Complaint. However, reading the Complaint under its most liberal construction and taking into account Plaintiff's arguments in his response to the motion to dismiss, Plaintiff alleges that the endeavor of producing "The People vs. Larry Flynt" necessarily involved extensive state activity. Plaintiff affirms that the State of Tennessee and its political subdivisions enfranchised Defendants' use of public prop-

---

**2.** No private cause of action exists under the Thirteenth Amendment, only under one of the implementing statutes, i.e., 42 U.S.C. §§ 1981, 1983 or 1985(3). *See Baker v. McDonald's Corp.*, 686 F.Supp. 1474 (M.D.Fla.1987), aff'd, 865 F.2d 1272 (1988), *cert. denied sub nom. Hutchinson v. McDonald's Corp.*, 493 U.S. 812, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989).

erty and provided police assistance during the movie's production. In essence, Plaintiff's averments are that Defendants' use of state courtrooms, lease of state property, and employment of state officers during the filming of the movie constitutes "substantial participation" by the state in Defendants' activities, and therefore qualifies as state action.

Absent allegations of express state action, such as would be the case if a law enforcement officer were alleged to have deprived a prisoner of constitutional rights under color of law, courts have received instruction to gauge the level of state involvement with the private actor alleged to have committed the wrong. *See, e.g., West v. Atkins,* 487 U.S. 42, 49–50, 108 S.Ct. 2250, 2255–56, 101 L.Ed.2d 40 (1988) ("public function" test); *Flagg Bros.,* 436 U.S. at 157, 98 S.Ct. at 1734 (same); *Adickes,* 398 U.S. at 170, 90 S.Ct. at 1615 ("state compulsion" test); *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) ("symbiotic relationship" or "nexus" test). This circuit recognizes these three tests for determining whether private conduct is fairly attributable to the state. *Ellison,* 48 F.3d at 195 (citing *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir.1992)).

■ The public function test requires a showing that the private entity alleged to have committed the constitutional tort exercise powers which are traditionally exclusively reserved to the state. *Id.* Good examples of activities which represent the exercise of powers traditionally exclusively reserved to the state are found in *Flagg Bros.,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (exercise of powers under Uniform Commercial Code held not state action, whereas holding elections is state action), *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974) (exercise of eminent domain is state action) or *Shelley v. Kraemer,* 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948) (judicial enforcement of racially restrictive covenant is state action).

Both the Supreme Court and the Court of Appeals for the Sixth Circuit have rejected many attempts to frame private action as encroaching on a traditionally exclusive public function for purposes of the public function test. *See, e.g., San Francisco Arts & Athletics v. United States Olympic Committee,* 483 U.S. 522, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987) (regulation of Olympic sports teams), *Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982) (special education); *Flagg Bros., supra* (debtor-creditor conflict); *Cornett v. Mason Volunteer Fire Co.,* No. 95–3010, 1996 WL 242035 (6th Cir.1996 May 8, 1996) (suspension of volunteer firefighter); *Ellison,* 48 F.3d 192 (involuntary commitment of mentally ill); *Wolotsky,* 960 F.2d 1331 (mental health services); *Newsom v. Vanderbilt Univ.,* 653 F.2d 1100 (6th Cir.1981) (hospital services for the poor).

■ In no wise could this Court reasonably construe Plaintiff's allegations to suggest that cooperating in the local production of a major motion picture filmed partly in real state courtrooms somehow implicates the exercise of powers traditionally exclusively reserved to the state. Plaintiff's reliance on *Derrington v. Plummer,* 240 F.2d 922 (5th Cir.1956), *cert. denied sub nom., Casey v. Plummer,* 353 U.S. 924, 77 S.Ct. 680, 1 L.Ed.2d 719 (1957) is misplaced. The Fifth Circuit's focus in *Derrington* was on the locus of the leased property. In the Sixth Circuit, in accord with Supreme Court decisions handed down post-Derrinton, the focus of the inquiry must be upon the function and not the locus of the activity. *See West,* 487 U.S. 42, 108 S.Ct. 2250; *Flagg Bros.,* 436 U.S. 149, 98 S.Ct. 1729; *Ellison,* 48 F.3d 192; *Wolotsky,* 960 F.2d 1331. Accordingly, the Court finds that Plaintiff cannot establish that Defendants are state actors under the public function test.

■ The state compulsion test requires that a state, or political subdivision thereof, exercise such coercive power over the private actor to take a particular action that the choice was really the state's and not the private actor's. *Ellison,* 48 F.3d at 195; *see also Wolotsky,* 960 F.2d at 1335. "More than mere approval or acquiescence in the initiatives of the private party is necessary to hold the state responsible for those initiatives." *Wolotsky,* 960 F.2d at 1335 (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2785–86, 73 L.Ed.2d 534 (1982)). In this case

Plaintiff's allegations cannot reasonably be stretched to embrace the State of Tennessee in the decision-making processes involved in filming "The People vs. Larry Flynt". Especially attenuated would be an attempt to link the state with Code Pink, Inc.'s and Theresa Marsh's reluctance to pay Plaintiff because he refused to furnish a valid SSN. Even more attenuated would be the imposition of state actor liability, under a § 1983 state compulsion theory, against Prentice–Hall or Venetia Hobson for their respective roles in the incorporation of Code Pink, Inc. Accordingly, the Court finds that Plaintiff cannot establish that Defendants are state actors under the state compulsion test.

▉▉▉▉▉ Under the most liberal construction possible, Plaintiff's allegations of state involvement are most closely aligned with the symbiotic relationship or nexus test. Under this test, the actions of a private party become state actions when there is a sufficiently close nexus, or relationship, between the state and the private actor, such that the action may fairly be attributed to the state. *Ellison*, 48 F.3d at 195; *Wolotsky*, 960 F.2d at 1335 (citing *Jackson*, 419 U.S. at 351, 95 S.Ct. at 453–54; *Burton*, 365 U.S. at 724–25, 81 S.Ct. at 861–62). In effect, Plaintiff posits that the state's lease of public facilities to Code Pink, Inc. constitutes the nexus upon which Plaintiff's § 1983 state action element rests.

Defendants rely on two cases from the Sixth Circuit involving the lease of public facilities to private parties. In *Adams v. Vandemark*, 855 F.2d 312 (6th Cir.1988), the court found that the existence of such a lease arrangement, and additionally, of state funding and of the participation of public officials on the private party corporation's governing board, did not constitute a sufficient nexus, absent proof that the state's involvement affected the challenged action taken by the private party. *Id.* at 316. The *Adams* Court relied on an earlier Sixth Circuit case, *Crowder v. Conlan*, 740 F.2d 447 (1984). In *Crowder*. the court held that state involvement must go beyond mere leasing of public property to private parties. 740 F.2d at 553. In

order to meet the state action element under § 1983, the state's involvement must reach the challenged action. *Id.*

In the Complaint *sub judice*, Plaintiff's allegations are insufficient, as a matter of law, to sustain a claim under § 1983. Nowhere does Plaintiff aver that the state was so involved in the decision-making processes of Defendants that it could reasonably be said that such decisions were the state's and not the private actor's. Nor does Plaintiff allege that the state's interest in the making· of "The People vs. Larry Flynt" was so crucial as to establish a symbiotic relationship between the state and Code Pink, Inc., Theresa Marsh, Prentice–Hall or Venetia Hobson. In light of the absence of necessary allegations, the Court finds that Plaintiff cannot, under any set of facts that could be proved consistent with the allegations made in the Complaint, *see Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232–33; *Conley*, 355 U.S. at 46, 78 S.Ct. at 102; *Cameron*, 38 F.3d at 270, state a claim under § 1983 which would entitle him to relief Accordingly, pursuant to Rule 12(b)(6), the Court hereby **GRANTS** Defendants' motion to dismiss Plaintiff's § 1983 claims.

The remaining constitutional torts alleged by Plaintiff, i.e., Plaintiff's First and Fourteenth Amendment claims,[3] which are asserted neither independently nor on § 1983, but rather, on § 1985(3), operate only against the state. The Due Process Clause of the Fourteenth Amendment "protects individuals only from governmental and not from private actions." *Lugar v. Edmondson Oil Co., Inc.*, 457·U.S. 922, 930, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982). The First Amendment's protection of religious liberty operates only against Congress, *per se*, and against the states and territories by operation of the Fourteenth Amendment, but not against private persons absent sufficient state involvement. *See Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972)

Although § 1985(3) does not share the same express state action requirement of § 1983, the fact that the predicate alleged

---

**3.** The Court found Plaintiff's "independent" Thirteenth Amendment claim facially lacking and

subsequently dismissed the said claim. *See* note 2, *supra.*

constitutional torts each require state action means that the implementing statute necessarily acquires a state action requirement. Plaintiff's § 1985(3) claims must fall the way of the § 1983 claims, because Plaintiff has failed to adequately allege a necessary element, i.e., that the state was the tortfeasor, or more appropriately, that the tortfeasor was the state.

Plaintiff's failure to make necessary allegations of state action justifies dismissal of his claims under 42 U.S.C. § 1985(3). By operation of Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that no relief could be granted under any set of facts that could be proved consistent with the allegations in the Complaint, *see Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Conley,* 355 U.S. at 46, 78 S.Ct. at 102; *Cameron,* 38 F.3d at 270, and accordingly, the Court hereby **DISMISSES** Plaintiff's § 1985(3).

Because it appears to the Court that Plaintiff's claims against the two non-moving defendants are equally meritless, because Plaintiff's claims have all been dismissed as to Code Pink, Inc. and Venetia Hobson, and because it would be expedient and in the interest of judicial economy to do so, the Court hereby, and with legal prejudice, **DISMISSES** *sua sponte* the Complaint in its entirety, and directs the Clerk to close this case.