Ronald HILL, Plaintiff–Appellant,

v.

ADMINISTRATIVE HEARING OFFI-CER FOR THE CSEA; F. Spring-field; Michael Telep, Defendants–Appellees.

No. 00–4587.

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

---

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

## ORDER

Ronald Hill, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief and custody of his son, Hill sued an administrative hearing officer for the Cuyahoga County Child Support Enforcement Agency, an assistant prosecutor, and a magistrate judge. Hill did not specify the capacity in which he sued the defendants. In his complaint, Hill asserted that: 1) the defendants conspired to deprive him of his "right to voluntarily acknowledge paternity" of his infant son; 2) the defendants conspired to deprive him of his "right to support his son Ahmad Hill without due process of law"; and 3) they violated his equal protection rights. The district court simultaneously granted pauper status and sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915(e), finding that it lacked jurisdiction over a domestic relations suit, that the Eleventh Amendment barred suit against the defendants in their official capacities, and that each of the defendants was immune from suit.

In his timely appeal, Hill essentially reasserts his claims.

Upon de novo review, we conclude that the district court properly dismissed the complaint pursuant to 28 U.S.C. § 1915(e). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Hill failed to present any claim with an arguable basis in law. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Federal courts lack jurisdiction over domestic relations matters where, as here, the plaintiff seeks custody of a child and the plaintiff does not properly assert that the underlying state court proceedings were unconstitutional. *See Catz v. Chalker,* 142 F.3d 279, 291–92 (6th Cir.1998). Although Hill purports to raise constitutional claims, his allegations are too vague and conclusory to state a claim. *See Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.