**FIRESTONE PARK ATHLETIC ASSN., Plaintiff,**

v.

**STATE of Ohio, et al., Defendants.**

No. 5:02CV661.

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 26, 2002.

Donald E. George, Akron, OH, for Plaintiff.

Elizabeth Luper Schuster, Sherry M. Phillips, Office of the Attorney General State of Ohio, Columbus, OH, Anita L. Davis, John P. Quinn, Jr., Office of the Prosecuting Attorney Summit County, Akron, OH, John T. McLandrich, Robert F. Cathcart, IV, Mazanec, Raskin & Ryder, Cordelia A. Glenn, Ronald J. O'Leary, City of Cleveland, Cleveland, OH, Douglas J. Powley, City of Akron, John C. Reece, City of Akron, Akron, OH, Robert A. Gambol, Office of the Prosecuting Attorney, Lake County, Painesville, OH, Kathleen Lucille Midian, Office of the United States Attorney, Northern District of Ohio, Cleveland, OH, for Defendants.

## OPINION

GWIN, District Judge.

On July 10, 2002, Defendants State of Ohio, Attorney General Montgomery, Task Force 02–1, Ohio Organized Crime Investigation Commission, Summit County Sheriff Alexander, Summit County, Akron Police Department, and Lake County (Defendants) filed a motion to dismiss the lawsuit filed by Firestone Park Association (Plaintiff's) under the Eleventh Amendment, Rule 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure [Doc 43]. This court has jurisdiction under 28 U.S.C. § 1131, 42 U.S.C. § 1983.

In deciding this motion to dismiss for failure to state a claim upon which relief can be granted, the court decides whether the Plaintiff pleads a viable cause of action. After conducting this review, this Court finds that the Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the court grants the Defendant's motion and dismisses the Plaintiff's case.

## I. BACKGROUND

### A. Factual Background

Plaintiff, Firestone Park Athletic Association (Firestone) owns electronic game machines called "Treasure Quest". These games were placed in bars/taverns in the state of Ohio and were used to raise funds for Firestone. Patrons could play these

electronic games and have a chance at winning a prize.

On or about February 11, 2002 a search warrant was issued to search for and seize these "Treasure Quest" machines. Task Force 02–1 which included the Summit County Sheriff, the Akron Police Department, and the Lake County Sheriff, participated in the search and seizure.

After these machines were seized, Firestone then filed a lawsuit seeking 1) damages under 42 U.S.C. § 1983 allegedly caused by the February 11, 2002, raid, 2) a declaration that Plaintiff Firestone Park Athletic Association has the right to conduct fund-raising using the "Treasure Quest" machines under Ohio law, 3) an order prohibiting the Defendants from enforcing the relevant Ohio law which bars operation of the "Treasure Quest" and similar machines, and 4) a return of their seized property.

### B. Description of the Arguments

The Defendants give several reasons why they believe the lawsuit should be dismissed. First, the Defendants say that the Eleventh Amendment to the U.S. Constitution bars the Plaintiff's claims. Additionally, the Defendants urge the Court to dismiss the § 1983 claims under Rule 12 because of Eleventh Amendment sovereign immunity. Defendants also argue that the Plaintiffs failed to state a claim against the Akron Police Department, Summit County Sheriff's Office, and Lake County Sheriff's Office, because the Plaintiff does not allege the deprivation of any constitutional right in connection with their § 1983 claim. Additionally, the Defendants argue that the Plaintiff's complaint was defective under Rule 8(a)(2) & (3) of the Federal Rules of Civil Procedure.

Plaintiffs argue the motion to dismiss should not be granted. Plaintiffs contend their constitutional rights were violated when the raids on their property took place. Plaintiffs also assert that the "Treasure Quest" machines were in fact legal revenue raising sources for charitable organizations under Ohio law. Finally, Plaintiffs argue that the seizure of their property constituted a Takings under the Fifth and Fourteenth Amendments.

### II. STANDARD OF REVIEW

The Court can dismiss a complaint only when "it is clear that the Plaintiff can prove no set of facts in support of [the] claim that would entitle [the Plaintiff] to relief." *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir.1995). In deciding a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all the allegations contained in the Plaintiffs' complaint as true and construe the complaint "liberally in favor of the party opposing the motion." *Id.* at 377. While the Court is obliged to accept as true the well-pleaded allegations in the complaint, the Court need not accept as true the "bare assertion of legal conclusions." *Columbia Natural Res., Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). The Court also need not accept "unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Nevertheless, the Court can only grant a motion to dismiss when the facts of the complaint show that there is an insuperable bar to relief for the Plaintiffs.

The Court finds that the Plaintiffs have alleged no set of facts that would enable this Court to grant them relief against Defendants. Therefore, the Court grants the motion to dismiss.

### III. DISCUSSION

#### A. Plaintiff's Claims are Barred by Eleventh Amendment Immunity

 It is well settled that States enjoy Eleventh Amendment immunity from

suits in federal court unless the State has consented to the suit or Congress has abrogated their Eleventh Amendment immunity. *Seminole Tribe v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), *See also* U.S. CONST. amend. XI. The state of Ohio in its motion denies consenting to this suit and the Plaintiffs do not show otherwise. Furthermore, it is clear that Congress did not abrogate the States' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). Thus, the Plaintiff's suit is barred by Eleventh Amendment immunity against the state of Ohio.

■ This Eleventh Amendment immunity from suits in federal court against unconsenting States also applies to agencies and instrumentalities of the States. *Pennhurst v. Halderman,* 465 U.S. 89, 124, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Firestone has filed suit against the state of Ohio, Ohio Attorney General Montgomery, Task Force 02–1, Ohio Organized Crime Investigation Commission (OOCIC), Summit County Sheriff Alexander, the Akron Police Department, and the Lake County Sheriff. As discussed in the paragraph above, Firestone's claim against the state of Ohio is barred by Eleventh Amendment immunity. Firestone's claims against OOCIC, Task Force 02–1, Summit County Sheriff Alexander, the Akron Police Department, and the Lake County Sheriff are also barred by Eleventh Amendment immunity. The OOCIC is an Ohio state agency created and controlled by statute. *See* Ohio Rev.Code § 177.01 through 177.03. Task Force 02–01 was created by OOCIC under the statutory powers granted to OOCIC. *See* Ohio Rev.Code § 177.02(B). This Court finds that Summit County Sheriff Alexander, the Akron Police Department, and the Lake County

Sheriff in conducting the February 11, 2002 raid were acting as members of Task Force 02–1 and therefore are protected by Eleventh Amendment immunity as arms of the state. Furthermore, even if Summit County Sheriff's Office, the Akron Police Department, and the Lake County Sheriff's Office were not acting as agents of the State, these governmental departments cannot be held liable under § 1983 for an injury inflicted solely by its employees. *Monell v. Department of Social Services,* 436 U.S. 658, 691–695, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(holding that respondeat superior is inapplicable to § 1983 actions).

### B. Plaintiff's Have Failed to Allege a Constitutional Right Deprivation under § 1983

■ The Plaintiffs claim their constitutional rights were violated when certain Defendants executed a search warrant and seized the "Treasure Quest" machines. Section 1983 provides a plaintiff with a means to recover for constitutional deprivations suffered under the color of state law. *See* 42 U.S.C. § 1983 (stating that every person who, under color of state law, causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured"). "In order to prevail in a section 1983 action, the plaintiff must prove that some conduct by a person acting under color of state law deprived the plaintiff ... of a right secured by the Constitution or other federal laws." *Foy v. City of Berea,* 58 F.3d 227, 229 (6th Cir.1995).

■ The Fourth Amendment to the U.S. Constitution provides protection for citizens and guarantees that they be free from unreasonable searches and seizures by law enforcement officers. The Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The Fourth Amendment applies to the states through the Due Process Clause of the Fourteenth Amendment. *See, e.g., Mapp v. Ohio*, 367 U.S. 643, 655, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

■■■ Once a warrant is issued by a neutral and detached magistrate upon a showing of probable cause by a sworn law enforcement officer, that warrant may be successfully challenged by the defendant only if there is a showing of "deliberate misstatements or those with reckless disregard" for a truth by the affiant. *Franks v. Delaware*, 438 U.S. 154, 170, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). If the officer who makes the affidavit for the search warrant omits information the defendant must show that the officer: "1) engaged in deliberate falsehood or reckless disregard for the truth, and 2)...probable cause would not be supported without the allegedly false material (or including omitted material)." *Burda Brothers, Inc. v. Walsh*, 22 Fed. Appx. 423 (6th Cir.2001).

■■■ The Plaintiff's § 1983 claim is defective and warrants dismissal under 12(b)(6) of the Federal Rules of Civil Procedure. Firestone alleges that the Defendants deprived them of their constitutional rights by conducting an improper search and seizure of the Plaintiff's "Treasure Quest" machines. The facts contradict this argument. On February 11, 2002 a warrant was executed for the search and seizure of properties belonging to Firestone. The Plaintiff's do not contest the fact that the warrant was issued by a neutral and detached magistrate as required by the Fourth Amendment of the U.S. Constitution. Rather, the Plaintiffs argue that the warrant was defective because the officer requesting it, failed to disclose some supposed right to conduct "fund-raising" activities using "Treasure Quest" machines. This Court finds that the Plaintiff's argument fails to allege a constitutional right deprivation for several reasons.

First of all, the omission that Firestone alleges the Defendants made were not "deliberate falsehoods" or "reckless disregard for the truth" because Firestone did not have a legal right to use the "Treasure Quest" machines for fund-raising activity. Under Ohio law, "Treasure Quest" machines are prohibited. Ohio Rev.Code Ann. § 2915.01. In fact, an Ohio Municipal Court in a similar case declared that the "Treasure Quest" machines violated Ohio's gambling law. *State of Ohio v. Pincione*, Case No.2000 CRB 1767 (Trumbull Cty. C.P. Mar. 13, 2001). The court found that "Treasure Quest" machines are both "games of chance" and "slot machines" both of which are prohibited under Ohio law. *Id.*

The Plaintiff argues that there is an exception in the Ohio law which allows charitable organizations to conduct such "fund-raising" activity. However, the *Pincione* Court ruled that the operation of "Treasure Quest" machines was not within the exception of the Ohio law. *Id.* (holding the Defendant who operated "Treasure Quest" machines was "not engaged in a permissible charitable scheme of chance").

C. Eleventh Amendment Immunity Regarding Attorney General Montgomery and Sheriff Alexander as State Officers

The U.S. Supreme Court has held that suits against State officers in their official

capacity are barred by Eleventh Amendment immunity. *Hafer v. Melo,* 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The Plaintiff sues both Attorney General Montgomery and Sheriff Alexander in their official capacity. The Attorney General of Ohio is a state officer. Although Sheriff Alexander is a county officer, in this instance he was acting as a state officer. This Court finds that during the course of the raid in question, all of the participating agencies, including Sheriff Alexander, were acting through Task Force 02–1. As this Court previously noted Task Force 02–1 is a state agency. Therefore, claims against Attorney General Montgomery and Sheriff Alexander must be dismissed, because they are barred by the Eleventh Amendment.

### D. Plaintiff's Claim Against Attorney General Montgomery as an Individual Fails on the Pleadings

The Defendants ask this Court to dismiss Firestone's claim against Attorney General Montgomery as an individual under Rule 8(a) of the Federal Rules of Civil Procedure, The Defendants say Firestone fails to properly plead a claim against Montgomery. This Court agrees.

Rule 8(a) of the Federal Rules requires complaints to contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks. Fed.R.Civ.P. 8(a)(2) and (3). To meet this requirement the pleader must notify a defendant of the legal claim against her. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Firestone never complies with this requirement. It's curious that Firestone never even mentions Attorney General Montgomery in their complaint. Furthermore, when the Defendants brought up this issue in their briefs, the Plaintiff's never offered any argument to counter.

Making no allegation that Montgomery herself acted in any way that violated Firestone's rights, the claim fails.

## IV. CONCLUSION

For the foregoing reasons, this Court dismisses the Plaintiff's case under Eleventh Amendment Sovereign immunity, Rule 8(a), 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.